IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEMOCRATIC NATIONAL COMMITTEE, *et al.*,<br>*Plaintiffs*,<br><br>v.<br><br>DONALD J. TRUMP, *et al.*,<br>*Defendants*. | Civil Action No. 25-cv-587-AHA |

## MOTION OF THE AMERICAN CENTER FOR LAW & JUSTICE FOR LEAVE TO FILE AS *AMICUS CURIAE*

The American Center for Law and Justice ("ACLJ"), by and through undersigned counsel, respectfully moves the Court pursuant to Fed. R. Civ. P. 7 and Local R. Civ. P. 7(o) for leave to file an amicus curiae brief in the above-captioned matter in opposition to the Plaintiffs' Motion for a Preliminary Injunction (ECF No. 12). The ACLJ's proposed amicus brief is attached to this motion. The Defendants have consented to the filing of this amicus brief.

This brief is filed in compliance with LCvR 7(o). Ordinarily, amicus briefs in federal district courts are subject to the court's discretion. *See United States v. Gotti*, 755 F. Supp. 1157, 1158 (E.D. N.Y. 1991) ("This court is not aware of any rule or statute that prescribes the procedure for obtaining leave to file an amicus brief in the district court."). Instead, federal district courts possess the inherent authority to accept amicus curiae briefs that will aid the Court. *In re Bayshore Ford Truck Sales, Inc.*, 471 F. 3d 1233, 1249 n. 34 (11th Cir. 2006) ("District courts possess the inherent authority to appoint 'friends of the court' to assist in their proceedings."); *see also* M*atter of Search of Info. Associated with*

*[redacted]@mac.com that is Stored at Premises Controlled by Apple, Inc.*, 13 F. Supp. 3d 157, 167 (D.D.C. 2014) ("Courts have wide discretion in deciding whether to grant a third party leave to file an amicus curiae brief."). A court has "discretion in deciding whether to allow a non-party to participate as an amicus curiae." *Tafas v. Dudas*, 511 F. Supp. 2d 652, 659 (E.D. Va. 2007). The aid of amici curiae has "been allowed at the trial level where they provide helpful analysis of the law, they have a special interest in the subject matter of the suit, or existing counsel is in need of assistance." *Id.* (quoting *Bryant v. Better Bus. Bureau of Greater Md., Inc.*, 923 F. Supp. 720, 728 (D. Md. 1996)).

The ACLJ's Motion for Leave to File an Amicus Brief is timely. This Court's March 13, 2025, Minute Order required Defendants to file their opposition to the Plaintiffs' motion for a preliminary injunction on or before March 25, 2025. The ACLJ has filed its motion for leave prior to the deadline for the brief of the party it supports, the Defendants.

Amicus briefs are permitted in district court cases where the amicus possesses "a special interest in the subject matter of the suit." *Bryant*, 923 F. Supp. at 728. Courts have emphasized that allowing parties to appear as amicus curiae "may be advisable where third parties can contribute to the court's understanding" of the issues in a case. *Id*. See *Harris v. Pernsley*, 820 F.2d 592, 603 (3d Cir. 1987).

Proposed amicus the ACLJ has "a special interest in the subject matter of the suit." *Tafas*, 511 F. Supp. at 659. The ACLJ is an organization dedicated to the defense of constitutional liberties secured by law, the right to life, and legal principles like separation

of powers. Counsel for the ACLJ have presented oral argument, represented parties, and submitted amicus curiae briefs before the Supreme Court of the United States and numerous state and federal courts in cases involving a variety of issues relating to the structure of government. ACLJ attorneys have appeared often before the Supreme Court as counsel for parties, *e.g., Colorado Republican State Central Committee v. Anderson*, U.S. No. 23-696 (2023); *Trump v. Vance*, 591 U.S. 786 (2020); *Trump v. Mazars USA, LLP*, 591 U.S. 848 (2020); *McConnell v. FEC*, 540 U.S. 93 (2003); or as amici, e.g., *Trump v. United States*, 603 U.S. 593 (2024); *Fischer v. United States*, 144 S. Ct. 2176 (2024); *McDonnell v. United States*, 579 U.S. 550 (2016); and *Bush v. Gore*, 531 U.S. 98 (2000). The ACLJ has a fundamental interest in maintaining the integrity of the founders' constitutional design, and here, supporting the separation of powers and the authority of the President to administer the executive branch and execute the laws of the United States. "The principle of separation of powers was not simply an abstract generalization in the minds of the Framers: it was woven into the document that they drafted in Philadelphia in the summer of 1787." *Buckley v. Valeo*, 424 U.S. 1, 124 (1976).

For the foregoing reasons, amicus respectfully asks this Court to grant leave to file an amicus curiae brief in opposition to the Plaintiffs' Motion for a Preliminary Injunction.

Respectfully Submitted,

/s/ *Benjamin P. Sisney*
Benjamin P. Sisney
(D.C. Bar no. 1044721)
AMERICAN CENTER FOR LAW & JUSTICE
201 Maryland Ave. NE
Washington, DC 20002
Phone: (202) 641-9163
Fax: (202) 546*9309
Email: bsisney@aclj.org

## CERTIFICATE OF CONFERRAL

I hereby certify that Counsel for the Amicus has conferred with the parties about the relief sought in this motion. The Defendants have indicated that they consent to this motion. The Plaintiffs have indicated that they do not consent to this motion.

Dated: March 25, 2025

*/s/ Benjamin P. Sisney*
Benjamin P. Sisney
*Counsel for Amicus Curiae*

## CERTIFICATE OF SERVICE

I hereby certify that on March 25, 2025, I electronically filed a copy of the foregoing Motion for Leave to File as Amicus Curiae using the ECF System which will send notification of that filing to all counsel of record in this litigation.

Dated: March 25, 2025


*/s/ Benjamin P. Sisney*
Benjamin P. Sisney
*Counsel for Amicus Curiae*