IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DEMOCRATIC NATIONAL COMMITTEE, et al.,

    *Plaintiffs*,

v.

DONALD J. TRUMP, et al.,

    *Defendants*,

and

AMERICA FIRST LEGAL FOUNDATION
611 Pennsylvania Ave SE #231
Washington, DC 20003,

and

TEXANS FOR RONNY JACKSON
PO Box 53058
Amarillo, TX 79159,

    *Applicant Defendant-Intervenors*.

Case No. 1:25-cv-00587

Judge Amir H. Ali

**Motion of America First Legal Foundation and Texans for Ronny Jackson
to Intervene as Defendants**

Pursuant to Federal Rule of Civil Procedure 24(b), America First Legal Foundation (AFL) and Texans for Ronny Jackson respectfully move for leave to intervene as Defendants in this action in the event that this Court denies Defendants' motions to dismiss the above-captioned case.

Pursuant to Local Civil Rule 7(m), the undersigned counsel for AFL and Texans for Ronny Jackson has conferred with counsel for Plaintiffs and Defendants. Plaintiffs oppose this motion. Defendants Trump and Bondi do not consent at this procedural juncture, and the Federal Election Commission Defendants similarly withhold consent because, in their view, intervention would be premature. This Motion is supported by the following Memorandum in Support.

**BACKGROUND**

On February 18, 2025, President Trump issued Executive Order 14,215 "to improve the administration of the executive branch and to increase regulatory officials' accountability to the American people" by increasing "Presidential supervision and control" of "so-called independent agencies." *Ensuring Accountability for All Agencies*, Exec. Order No. 14,215, § 1, 90 Fed. Reg. 10,447, 10,447 (Feb. 24, 2025). The Executive Order applies to the Federal Election Commission (FEC) and other independent agencies, *id.* § 3(a), 90 Fed. Reg. at 10,448, and prevents the FEC's employees from "advanc[ing] an interpretation of the law as the position of the United States that contravenes the President or the Attorney General's opinion on a matter of law," *id.* § 7, 90 Fed. Reg. at 10,448–49.

Plaintiffs, the Democratic Party's three national political committees, claim they rely on FEC guidance to conduct their operations and rely on the FEC to adjudicate complaints that they have allegedly violated federal election laws. *See* Complaint (ECF No. 1), ¶¶ 7–8. Claiming that President Trump might use Executive Order 14,215 to "dictate to the Commission a legal interpretation of FECA's [Federal Election Campaign Act's] provisions that would be dispositive to" a pending complaint against one of them, *id.* ¶ 7, Plaintiffs filed this lawsuit on February 28 and asked this Court to (1) declare that the FECA provisions allegedly "empowering the Commissioners to exercise independent legal judgment" separate from the President and Attorney General are constitutional and (2) enjoin Defendants from enforcing Section 7 of Executive Order 14,215 against the FEC. *Id.* ¶¶ 80, 82.

On March 14, 2025, Defendants Donald J. Trump and Pamela Bondi filed a motion to dismiss this case for lack of jurisdiction, in part because Plaintiffs are not injured by the Executive Order, which is consistent with the FECA, and also because there is no justiciable controversy,

1

since all parties agree that the FECA is constitutional. Mot. to Dismiss (ECF No. 17-1) at 7–13. On March 21, 2025, the FEC Defendants filed a motion to dismiss for the same reasons and others. Mot. to Dismiss (ECF No. 26-1) at 9–31.

Applicant Defendant-Intervenors America First Legal Foundation (AFL) and Texans for Ronny Jackson (collectively "Applicants") agree with the arguments raised in Defendants' motions to dismiss. But because Applicants' interests in this case are at least as strong as Plaintiffs' interests, Applicants have standing if Plaintiffs do. For that reason, and because Applicants seek a different outcome than Plaintiffs, Applicants move this Court to permit Applicants to intervene as Defendants if this Court denies Defendants' motions to dismiss.

AFL is a non-profit organization that promotes good governance by advocating greater electoral accountability of federal agencies. Texans for Ronny Jackson is a non-profit political organization operating as Representative Jackson's principal campaign committee and is subject to FEC regulation.

**ARGUMENT**

If the Court denies the motions to dismiss, it should allow AFL and Texans for Ronny Jackson to intervene because they meet all the requirements for permissive intervention. Federal Rule of Civil Procedure 24(b), which governs permissive intervention, requires that an applicant intervenor make a timely motion and demonstrate "a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1). When those criteria are satisfied, "the court" must then "consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). With exceptions, a motion to intervene generally must also include "a pleading that sets out the claim or defense for which intervention is sought," Fed. R. Civ. P. 24(c), although as explained below, this Court routinely

2

allows that filing to be deferred, *see* Part I.D, *infra*. The Court should grant Applicants' motion to intervene because it is timely and demonstrates a "defense" that shares questions with the main action, intervention would create no undue delay or prejudice, and an exception to the attached-pleading requirement applies.

**I.      Applicants Satisfy the Requirements for Permissive Intervention**

    **A.      Applicants' Motion is Timely**

Federal Rule 24(b)'s "timely motion" requirement prescribes no specific deadline. The timeliness inquiry is flexible and typically extends for at least a few months after filing of the lawsuit. *See Ass'n of Wash. Bus. v. U.S. Env't Prot. Agency*, No. 1:23-cv-3605, 2024 WL 3225937, at *13 (D.D.C. June 28, 2024) ("[I]ts motion is timely because it was filed approximately two months after the plaintiffs filed suit."). Applicants' motion comes well within that period. Plaintiffs filed this suit on February 28, 2025, *see* ECF No. 1, and Applicants filed this motion to intervene less than a month later, well before the standard response deadline for Defendants.

Although Plaintiffs have sought a preliminary injunction, *see* ECF No. 12-1, that does not affect the timeliness of Applicants' intervention. The Court regularly grants motions to intervene that were filed even after the conclusion of preliminary proceedings. For example, the Court recently allowed several IT companies to intervene in defense of challenged USCIS rules when the companies moved to intervene after the Court had denied plaintiffs' motion for a TRO and USCIS's motion to dismiss. *Liu v. Mayorkas*, No. 1:21-cv-1725, 2022 WL 203432, at *2 (D.D.C. Jan. 24, 2022). And when several pharmaceutical companies filed a motion to intervene in an FDA case after a TRO hearing, the Court granted the motion, ordered that "the intervenors shall follow the same schedule as the Federal Defendants" beginning with an opposition to summary judgment, and further ordered that "the intervenors need not file their answer to the complaint until the

3

Federal Defendants' deadline to answer." 08/15/2017 Minute Order, *Amgen Inc. v. Hargan*, No. 1:17-cv-1006 (D.D.C. Aug. 15, 2017). Accordingly, the pendency of a preliminary motion is no obstacle at all to granting Applicants' intervention motion.

### B. Applicants Have a Defense That Shares Common Questions with the Main Action

A permissive intervenor must demonstrate "a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B); *see EEOC v. Nat'l Children's Ctr., Inc.*, 146 F.3d 1042, 1046 (D.C. Cir. 1998). The D.C. Circuit, however, has "eschewed strict readings of the phrase 'claim or defense,' allowing intervention even in situations where the existence of any nominate claim or defense is difficult to find." *Ass'n of Wash. Bus.*, 2024 WL 3225937, at *3 (quoting *Nat'l Children's Ctr.*, 146 F.3d at 1046).

This Court has accordingly held that an intervenor "has a 'claim or defense' under Rule 24(b)'s liberal standard" when it "seeks to intervene to 'defend [an agency action]'" that the intervenor "consistently use[s]" and the intervenor "will support the Agency's efforts to defend the final rule." *Id.* at *13. Similarly, where an intervenor "intend[s] to oppose plaintiffs' claims and requests for relief, offer defensive arguments, and seek the same relief as the [defendant] Agency," it "easily satisf[ies] the liberal 'claim or defense' requirement." *Id.* at *11 (cleaned up).

Applicants satisfy this "liberal 'claim or defense' requirement" because they seek intervention to defend presidential action that advances their core institutional interests and affects their existing and future interactions with the FEC, and also because Applicants oppose Plaintiffs' claims and request for relief. One of Applicant AFL's central institutional purposes is to promote robust oversight of federal agencies—by both citizens and the President—to increase their accountability to American voters. *See Oversight*, AFL, https://perma.cc/L2TL-BGHZ (last visited Mar. 5, 2025). AFL believes that presidential control over all agencies that execute federal law is

4

essential to achieving these aims and mandated by Article II of the Constitution. *See Seila Law LLC v. Consumer Fin. Prot. Bureau*, 591 U.S. 197, 203–04 (2020).

More specifically, AFL's oversight efforts have repeatedly brought it into contact with the FEC and will continue to do so in the future. AFL relies on the FEC to hold federal officials accountable by filing FEC complaints against campaigns, *see* AFL, Press Release, *Legal Group Files FEC Complaint* (June 12, 2024), https://perma.cc/69R3-ASQG (announcing FEC complaint against several campaigns); AFL, Press Release, *America First Legal Petitions the Federal Election Commission* (Oct. 23, 2023), https://perma.cc/6L3F-HCHE (announcing FEC complaint). AFL's June 2024 FEC complaint remains pending at the FEC. AFL also sometimes seeks to hold the FEC itself accountable. *See* AFL, Press Release, *America First Legal Sues the Federal Election Commission* (Feb. 26, 2024), https://perma.cc/7FLA-N79X (announcing lawsuit against the FEC for failing to bring charges).

Plaintiffs likewise allege that this case implicates "[t]heir ability to … file … complaints" and that Plaintiffs are involved in "a pending FEC complaint" at this very moment, Complaint (ECF No. 1) ¶¶ 7–8, 51–54, 59, just as AFL is. AFL thus engages in some of the very same types of FEC-related conduct that Plaintiffs themselves allege as the basis for their injury.

Plaintiffs' suit, if successful, would hinder AFL's good-governance efforts and negatively affect AFL's direct interests by distancing the FEC—including in its review of filings made by AFL itself—from the oversight of the President, who has a constitutional duty to take care that the laws be faithfully executed.

Applicant Texans for Ronny Jackson's interest in this case is as strong as the interest Plaintiffs themselves assert. Texans for Ronny Jackson is, like Plaintiffs, directly regulated by the FEC and looks to its guidance. Texans for Ronny Jackson believes that these interactions with the

5

FEC makes it all the more important that Commissioners be maximally accountable to the President. The FEC regulates Texans for Ronny Jackson as Congressman Jackson's "principal campaign committee" under the Federal Election Campaign Act, *see About This Committee: Texans for Ronny Jackson*, FEC, https://perma.cc/C9FM-AMQ6 (last visited Mar. 12, 2025). With that status comes an obligation to ensure compliance with FEC-imposed campaign rules by filing quarterly reports of contribution receipts. 52 U.S.C. § 30102(f), (g); *Post-General Reporting Reminder (2024)*, FEC (Nov. 7, 2024), https://perma.cc/4U84-BFQM.

Further, Texans for Ronny Jackson must continuously interpret and act on FEC guidance, just as Plaintiffs do. *See* Complaint (ECF No. 1), ¶ 8 (asserting they "rely on … guidance from the FEC for virtually everything they do"). For example, just a few months ago, the House of Representatives Ethics Committee accused Texans for Ronny Jackson of misinterpreting FEC guidance on spending campaign funding on club memberships. Jayme Lozano Carver, *Texas Congressmen Cleared in Ethics Investigation Over Campaign Finance Spending*, Tex. Trib. (Dec. 30, 2024), https://perma.cc/P4SD-BY7Z. The Ethics Committee cleared Texans for Ronny Jackson of any wrongdoing, *id.*, but there is no doubt that the entire ordeal started because of FEC guidance, which is "often ambiguous," *id.*, and thus underscores Texans for Ronny Jackson's interest in this case. Campaigns would benefit from the increased predictability of knowing that the FEC reports to a President who requires agencies to follow the best reading of a statute rather than ambiguous guidance whose malleability invites abuse.

In short, if Plaintiffs' status as FEC-regulated entities that rely on FEC guidance to conduct their day-to-day affairs gives them a sufficient interest to bring this case, then that same status gives Texans for Ronny Jackson a sufficient interest to intervene as a defendant.

For all these reasons, Applicants meet the "liberal 'claim or defense' requirement" for permissive intervention. *See Ass'n of Wash. Bus.*, 2024 WL 3225937, at *11.

### C. Applicants' Intervention Would Cause No Undue Delay or Prejudice

Once a prospective intervenor satisfies the timeliness and claim-or-defense criteria, courts "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Applicants' intervention would do neither. Applicants are prepared to answer the complaint—in the event the Court denies the motions to dismiss—by whatever date the Court sets for Defendants to do so.

### D. Federal and Local Rules Allow Applicants to Intervene Without Attaching a Pleading

Federal Rule of Civil Procedure 24(c) and Local Civil Rule 7(j) generally require that a motion to intervene be "accompanied by a pleading that sets out the claim or defense for which intervention is sought." But as then-Judge Ketanji Brown Jackson explained, "[w]here … the position of the movant is apparent … and where the opposing party will not be prejudiced, Rule 24(c) permits a degree of flexibility with technical requirements." *New England Anti-Vivisection Soc'y v. U.S. Fish & Wildlife Serv.*, No. 1:16-cv-149, 2016 WL 10839560, at *1 (D.D.C. Apr. 29, 2016) (Jackson, J.) (quoting *Tachiona ex rel. Tachiona v. Mugabe*, 186 F. Supp. 2d 383, 393 n.8 (S.D.N.Y. 2002)). "Accordingly, this Court and other courts in this district have permitted parties to intervene and defer filing their responsive pleadings." *Oceans v. U.S. Dep't of the Interior*, No. 1:24-cv-141, 2024 WL 1556005, at *4–5 (D.D.C. Apr. 10, 2024). In such instances, this Court typically allows defendant-intervenors to respond by the same deadline imposed for other defendants. *Id.* (listing examples). The present case presents one of those instances because Applicants' "position … is apparent"—they oppose Plaintiffs' requested relief on the grounds that the Constitution prohibits federal agencies from operating independent of the President—and

7

Plaintiffs would not be prejudiced because they would receive a full opportunity to respond to Applicants' arguments in the event the Court allows intervention. Thus, if the Court denies the motions to dismiss, it should grant Applicants leave to intervene and allow them to answer the complaint by whatever date it sets for Defendants to do so.

## II.     No Other Showing Is Required to Grant Applicants' Motion

Finally, a few words about what Applicants are *not* required to demonstrate. They need not demonstrate standing, *see* Part II.A, *infra*, nor that the existing Defendants would not adequately represent Applicants' interests, *see* Part II.B, *infra*.

### A.     Supreme Court Precedent Allows Applicants to Intervene Without Independent Standing

The Supreme Court has expressly held that permissive intervenors need not demonstrate standing when they are neither seeking to expand the scope of relief nor are the first party to invoke federal court jurisdiction. *Little Sisters of the Poor Saints Peter & Paul Home v. Pennsylvania*, 591 U.S. 657, 674 n.6 (2020).[1] To the extent pre-existing D.C. Circuit precedent might suggest otherwise, *e.g.*, *Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 731–32 (D.C. Cir. 2003), it is—in the words of then-Judge Ketanji Brown Jackson—"plainly inconsistent with[] the Supreme Court's recent opinions," and thus overtaken by them. *Env't Integrity Project v. Wheeler*, No. 1:20-cv-1734, 2021 WL 6844257, at *2 (D.D.C. Jan. 27, 2021) (Jackson, J.) (referring to footnote 6 of

---

[1] "Under our precedents, at least one party must demonstrate Article III standing for each claim for relief. An intervenor of right must independently demonstrate Article III standing if it pursues relief that is broader than or different from the party invoking a court's jurisdiction. Here, the Federal Government clearly had standing to invoke the Third Circuit's appellate jurisdiction, and both the Federal Government and the Little Sisters asked the court to dissolve the injunction against the religious exemption. The Third Circuit accordingly erred by inquiring into the Little Sisters' independent Article III standing." *Little Sisters*, 591 U.S. at 674 n.6 (citation omitted).

8

*Little Sisters*); *Children's Health Def. v. Ctrs. for Disease Control & Prevention*, No. 1:23-cv-431, 2024 WL 3521593, at *5 n.3 (D.D.C. July 24, 2024).

To be sure, in *Yocha Dehe v. United States Department of the Interior*, 3 F.4th 427, 430 (D.C. Cir. 2021), the D.C. Circuit noted that intervenors demonstrate standing, but the Court "did not consider whether the proposed intervenor sought the same relief as the existing parties or discuss *Little Sisters*," *Signal Peak Energy, LLC v. Haaland*, No. 1:24-cv-366, 2024 WL 3887386, at *3–4 (D.D.C. Aug. 21, 2024). Thus, *Yocha Dehe* did not—and of course could not—purport to overrule the Supreme Court's express and directly applicable holding in *Little Sisters*. At most, that language from *Yocha Dehe* was *dicta*.

But even if it weren't *dicta*, it still would not bind this Court. "A decision that fails to consider Supreme Court precedent," as *Yocha Dehe* does, "does not control if the court determines that the prior panel would have reached a different conclusion if it had considered controlling precedent." *Atl. Thermoplastics Co. v. Faytex Corp.*, 970 F.2d 834, 838 n.2 (Fed. Cir. 1992); *see also, e.g.*, *Tucker v. Phyfer*, 819 F.2d 1030, 1035 n.7 (11th Cir. 1987) ("[W]e do not view ourselves as violating the prior panel rule; rather, we are simply discharging our duty to follow clearly controlling Supreme Court precedent."); *The Ne. Ohio Coal. for the Homeless v. Husted*, 831 F.3d 686, 720 (6th Cir. 2016) ("This is true even in the unusual situation where binding circuit precedent overlooked earlier Supreme Court authority.").

Given the views of jurists like then-Judge Jackson that *Little Sisters* squarely and directly holds that standing need not be shown in these circumstances, there is no doubt at all that if the *Yocha Dehe* panel had considered *Little Sisters*, it would have reached that same conclusion.

9

Accordingly, Applicants can intervene without independent standing because Applicants seek to oppose the requested relief rather than expand its scope, and Applicants are not the first to invoke federal jurisdiction. *See Little Sisters*, 591 U.S. at 674 n.6.

But even if Applicants did need to demonstrate standing, they do so because they suffer the very same kinds of harms and have the very same kinds of interests as do the Plaintiffs themselves, for the reasons explained above at length in Part I.B.

### B.     Inadequate Representation by Defendant Is Not a Requirement

Unlike mandatory intervention, permissive intervention does not require a showing that existing parties would inadequately represent the intervenors' interests. *Compare* Fed. R. Civ. P. 24(a)(2), *with* Fed. R. Civ. P. 24(b)(1), (3). Accordingly, Applicants need not make any such showing here.

In any event, that showing "'is not onerous'" and is satisfied whenever "[t]he applicant … show[s] that representation of his interest 'may be' inadequate, not that representation will in fact be inadequate." *Oceans*, 2024 WL 1556005, at *4 (quoting *Hardin v. Jackson*, 600 F. Supp. 2d 13, 16 (D.D.C. 2009)). Where the requirement applies, a movant "ordinarily should be allowed to intervene unless it is clear that the party will provide adequate representation." *United States v. Am. Tel. & Tel. Co.*, 642 F.2d 1285, 1293 (D.C. Cir. 1980). And the D.C. Circuit has held that "we look skeptically on government entities serving as adequate advocates for private parties." *Crossroads Grassroots Pol'y Strategies v. Fed. Election Comm'n*, 788 F.3d 312, 321 (D.C. Cir. 2015). Defendants are government entities, but Applicants are private parties with their own interests specific to their own involvements with the FEC, and thus the D.C. Circuit presumes inadequate representation. Therefore, even though Applicants need not show inadequate representation of their interests to intervene permissively, Applicants have done so.

10

## CONCLUSION

If this Court denies the pending motions to dismiss, it should grant Applicant Defendant-Intervenors permissive intervention pursuant to Federal Rule of Civil Procedure 24(b) and permit them to answer the complaint by whichever date the Court sets for Defendants.

Dated: March 27, 2025                                  Respectfully submitted,

/s/ James R. Conde
JAMES R. CONDE (DC BAR # 1031694)
   *Counsel of Record*
NICHOLAS CORDOVA (DC BAR # 90026063)
BOYDEN GRAY PLLC
800 Connecticut Ave. NW, Suite 900
Washington, DC 20006
202-955-0620
jconde@boydengray.com

DANIEL Z. EPSTEIN (DC BAR # 1009132)
AMERICA FIRST LEGAL FOUNDATION
611 Pennsylvania Ave. SE #231
Washington, DC 20003
202-964-3721
daniel.epstein@aflegal.org

11

## CERTIFICATE OF SERVICE

I certify that on March 27, 2025, the foregoing was filed electronically with the Court's electronic filing system. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

Dated: March 27, 2025.                             */s/* James R. Conde
                                                   James R. Conde